**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MAURO T. PADILLA, III, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-13-CV-1153-XR |
| | § | |
| FIRST NATIONAL BANK OF | § | |
| EDINBURG, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

On this date, the Court considered its jurisdiction over this case.  On December 18, 2013, Plaintiff Mauro T. Padilla ("Plaintiff") filed an original complaint with this Court.[1] Doc. No. 1.  Plaintiff also requested leave to proceed *in forma pauperis*. *Id.*  On March 19, 2014, the Magistrate Judge granted Plaintiff's request and ordered Plaintiff's complaint docketed.  Doc. No. 25.

In his complaint, Plaintiff alleges generally that Defendants manipulated public records to foreclose on multiple properties he owned. Compl. at 2–3.  However, despite these accusations, Plaintiff does not clearly articulate a cause of action.  Instead, on the civil cover sheet to his complaint, Plaintiff indicates that his claim arises under 12 U.S.C. § 191. Doc. No. 1-2.  Additionally, in a section of his complaint titled "Jurisdiction," Plaintiff asserts that the amount in controversy exceeds $75,000. Compl. at 2.

---

[1] Plaintiff also purported to assert claims on behalf of HTG Real Property Management ("HTG") and "all related entities." Compl. at 1.  Plaintiff has not established his authority to represent HTG or any other entity.  Moreover, if HTG or any related entity is a corporation, that entity must be represented by counsel. *See In re K. M. A., Inc*., 652 F.2d 398, 399 (5th Cir. 1981) ("The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel.  This is so even when the person seeking to represent the corporation is its president and major stockholder.").

1

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The party asserting federal jurisdiction bears the burden of establishing jurisdiction. *Id.*  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

In this case, Plaintiff asserts federal question jurisdiction by referencing 12 U.S.C. § 191. *See* Civil Cover Sheet; 12 U.S.C. § 191; 28 U.S.C. § 1331 (providing that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  However, despite Plaintiff's assertion, 12 U.S.C. § 191 appears to be irrelevant to his allegations.  The statute merely grants the United States Comptroller of the Currency the power to appoint a receiver to a national bank when it approaches insolvency. *See* 12 U.S.C. § 191.  Plaintiff has not alleged that his claim arises under any other federal statute, treaty, or the United States Constitution.  Therefore, Plaintiff has not established that his action arises under federal law and that this Court has subject matter jurisdiction through federal question jurisdiction. *See* 28 U.S.C. § 1331.

Plaintiff also has not established that this Court has subject matter jurisdiction through diversity jurisdiction.  28 U.S.C. § 1332 provides that federal district courts shall have original jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.  It is unclear what state cause of action Plaintiff alleges.  Further, diversity jurisdiction requires complete diversity of citizenship between all named plaintiffs and all named defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).  In his complaint, Plaintiff does not allege his citizenship or the citizenship of any Defendant; he only alleges an amount in controversy over $75,000. Compl.

at 2.  Accordingly, Plaintiff has not met his burden of establishing diversity jurisdiction. *See Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (requiring diversity jurisdiction to be distinctly and affirmatively alleged).   Moreover, Plaintiff notes on his application to proceed *in forma pauperis* that he is currently incarcerated in Anthony, Texas. *See* IFP at 1.  On May 9, 2013, Defendant Eric Sherer answered Plaintiff's complaint and asserted that he is a citizen of Texas. Doc. No. 32 at 2.  In light of these statements, it appears that Plaintiff and Defendant Sherer may share a common Texas citizenship, which would prohibit diversity jurisdiction.[2]

To proceed in federal court, Plaintiff must establish this Court's jurisdiction. *See Kokkonen,* 511 U.S. at 377.  For the foregoing reasons, Plaintiff has not done so.  Accordingly, Plaintiff is ORDERED to provide written evidence establishing this Court's jurisdiction.  If Plaintiff fails to provide sufficient written evidence on or before **June 10, 2014**, this case will be dismissed for lack of subject matter jurisdiction.

It is so ORDERED.

SIGNED this 27th day of May, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] Though Plaintiff is incarcerated in Texas, he is not necessarily a citizen of Texas.  The Fifth Circuit has not directly ruled on the issue of prisoner citizenship; however, other circuit courts have held that a prisoner's citizenship is normally presumed to be the state in which the prisoner resided before incarceration. *See, e.g.*, *Denlinger v. Brennan,* 87 F.3d 214, 216 (7th Cir. 1996) (recognizing the presumption and noting that domicile is a voluntary status); *see also Ronald Alexander Leblanc Trust v. Ransom*, 276 F. Supp. 2d 647, 652 (S.D. Tex. 2003) (recognizing the presumption).  Some courts have established this presumption while also allowing prisoners to rebut the presumption by showing that they plan to live elsewhere after release. *See, e.g.*, *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).  Other courts have allowed prisoners to change their domicile to the state in which they are incarcerated. *See, e.g., Stifel v. Hopkins*, 477 F.2d 1116 (6th Cir. 1973).