IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MAURO T. PADILLA, III, *et al.*, § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | Civil Action No. SA-13-CV-1153-XR |
| § | |
| FIRST NATIONAL BANK OF § | |
| EDINBURG, *et al.*, § | |
| § | |
| *Defendants*. § | |

**ORDER**

On this date, the Court considered the status of this case. On May 27, 2014, the Court ordered Plaintiff Mauro T. Padilla, III to provide sufficient written evidence establishing this Court's jurisdiction. Docket No. 38, at 3. The Court noted in its order that Plaintiff had not clearly articulated a cause of action in his complaint, nor had he distinctly and affirmatively alleged the citizenships of the parties for diversity jurisdiction analysis. *Id.*; *see Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (requiring diversity jurisdiction to be distinctly and affirmatively alleged).[1] Plaintiff was warned that his case would be dismissed unless he established this Court's jurisdiction. *See* Docket No. 38, at 3; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (placing the burden of establishing federal jurisdiction on the party asserting jurisdiction).

Plaintiff responded to the Court's Order by moving to dismiss all parties, except for himself and Defendants the Federal Deposit Insurance Corporation ("FDIC") and the First

---

[1] The Court also noted that although Plaintiff purported to assert claims on behalf of HTG Real Property Management ("HTG") and "all related entities," Plaintiff had not established his authority to do so. Docket 38, at 1 n.1. Moreover, the Court noted that if HTG or any related entity is a corporation, that entity must be represented by counsel. *Id*; *see In re K. M. A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981).

1

National Bank of Edinburg. Docket No. 42. Plaintiff also moved to amend his complaint to add more specific allegations against the remaining Defendants. *Id.* Finally, Plaintiff asserted this Court's jurisdiction pursuant to diversity jurisdiction. Docket No. 43 (noting that the remaining Defendants are diverse in citizenship); *see* 28 U.S.C. § 1332. Defendant did not assert federal question jurisdiction. *See* Docket No. 43; 28 U.S.C. § 1331.

Despite Plaintiff's response and motion to amend, he has not established this Court's jurisdiction. First, he has not established diversity jurisdiction. *See* 28 U.S.C. § 1332 (conferring original district court jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000). Although Plaintiff alleges that the FDIC and First National Bank of Edinburg are diverse, he does not provide facts supporting this legal conclusion. Instead, he states that:

> Defendant FDIC and First National Bank [of Edinburg] are residents of other states. FDIC [*sic*] address is 550 17th St., NW, Washington D.C. 20429. First National Bank of Edinburg is now Plains Capitol Bank and they have locations throughout the country. Both Defendants are diverse in citizenship.

Docket No. 43.

With respect to First National Bank of Edinburg, Plaintiff has not provided competent evidence establishing its citizenship. Plaintiff has not explained what type of entity First National Bank of Edinburg is, nor has he provided jurisdictional evidence relevant to that type of entity. If First National Bank of Edinburg is a national bank, its citizenship is determined by the location of its main office, as set forth in its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). If First National Bank of Edinburg is chartered as a corporate body of a particular state, it is deemed a citizen of the

state of incorporation and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Wachovia*, 546 U.S. at 307.  Since Plaintiff has not provided relevant evidence on what type of entity First National Bank of Edinburg is, or evidence on either the location of its main office or its state of incorporation and principal place of business, he has not established First National Bank of Edinburg's citizenship.  Accordingly, Plaintiff has not shown that he can proceed pursuant to diversity jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (requiring the party asserting federal jurisdiction to establish jurisdiction); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (requiring complete diversity of citizenship between all named plaintiffs and all named defendants).

Plaintiff also has not established federal question jurisdiction, and, in fact, does not even assert federal question jurisdiction. *See* Docket No. 37, at 1–2; Docket No. 43; *cf.* FED. R. CIV. P. 8(a)(1) (requiring that claim for relief contain "a short and plain statement of the grounds for the court's jurisdiction").  Nevertheless, Plaintiff states that he wishes to pursue a claim against the FDIC. *See* Docket No. 42.  The FDIC is a corporate body established by the United States Congress. *See* 12 U.S.C. § 1819(a) ("[T]he Corporation shall become a body corporate.").[2]  12 U.S.C. § 1819(b)(2) provides that "where the FDIC is a party, federal question jurisdiction exists, except with respect to certain state law claims where the FDIC was appointed receiver by the exclusive appointment of state authorities." *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 425 (5th Cir. 2002).  As the Court noted in its previous Order, it is unclear what causes of action Plaintiff alleges. Docket No. 38, at 1–2.  Furthermore, Plaintiff has not articulated how the FDIC is connected to this dispute. *See* Docket No. 37 (original complaint listing the FDIC as a defendant but stating no

---

[2] The FDIC is also deemed an agency of the United States. 18 U.S.C. § 1819(b)(1).

allegations regarding the FDIC). Thus, the Court cannot determine whether the FDIC is a proper party to this suit and whether the Court has federal question jurisdiction. *Cf. Pernie Bailey Drilling Co. v. F.D.I.C.*, 905 F.2d 78, 80 (5th Cir. 1990) (finding that the FDIC remained the proper party to defend all claims for damages against a closed bank and denying remand).[3]

Plaintiff seeks to amend his complaint, but has not attached a proposed amended complaint. *See* Docket No. 42; Local Rule CV-7(b) ("When a motion for leave to file a pleading . . . is required, an executed copy of the proposed pleading . . . shall be filed as an exhibit to the motion for leave."). Nevertheless, to clarify the jurisdictional issues that persist, Plaintiff's motion to amend (docket no. 42) is GRANTED. The Court ORDERS Plaintiff to submit a proposed amended complaint clearly stating his allegations against the FDIC and First National Bank of Edinburg, the causes of action he wishes to pursue, and the grounds for this Court's jurisdiction. *See* FED. R. CIV. P. 8(a) (stating the requirements for a pleading that states a claim for relief). Additionally, to the extent Plaintiff wishes to pursue claims against First National Bank of Edinburg based on diversity jurisdiction, the Court ORDERS Plaintiff to provide sufficient written evidence establishing First National Bank of Edinburg's citizenship. <u>Plaintiff must file his amended complaint and otherwise respond to this Order by **July 21, 2014**, or this case will be dismissed for lack of subject matter jurisdiction.</u>

Additionally, since Plaintiff's motion to amend states that he wishes to pursue claims only against the FDIC and First National Bank of Edinburg, the Court dismisses all other

---

[3] If the Court has jurisdiction to hear claims against the FDIC, it may not have jurisdiction to hear claims against First National Bank of Edinburg. *See Depaja Enterprises, Ltd. v. Am. Bank & Trust Co.*, 454 F. Supp. 413, 416 (S.D.N.Y. 1978) (denying pendent-party jurisdiction where the plaintiff pursued a state law claim against the FDIC and a non-diverse party).

Defendants. *See* Docket No. 42; FED. R. CIV. P. 41(a)(1)(A)(i) (allowing a plaintiff to dismiss an action before a defendant files an answer or motion for summary judgment).[4] Accordingly, Defendant Eric Sherer's motion to dismiss (docket no. 32) is DISMISSED AS MOOT. Additionally, Plaintiff's renewed motion to serve Defendants (docket no. 36) is DISMISSED AS MOOT.

## Conclusion

For the foregoing reasons, Plaintiff's motion to amend (docket no. 42) is GRANTED. The Court ORDERS Plaintiff to submit a proposed amended complaint clearly stating his allegations against the FDIC and First National Bank of Edinburg, the causes of action he wishes to pursue, and the grounds for this Court's jurisdiction. Additionally, to the extent Plaintiff wishes to pursue claims against First National Bank of Edinburg based on diversity jurisdiction, the Court ORDERS Plaintiff to provide sufficient written evidence establishing First National Bank of Edinburg's citizenship. <u>Plaintiff must file his amended complaint and otherwise respond to this Order by **July 21, 2014**, or this case will be dismissed for lack of subject matter jurisdiction.</u>

Additionally, all parties other than Plaintiff Mauro T. Padilla, III, Defendant FDIC, and Defendant First National Bank of Edinburg are dismissed. *See* Docket No. 42. Accordingly, Defendant Eric Sherer's motion to dismiss (docket no. 32) is DISMISSED AS MOOT, and Plaintiff's renewed motion to serve Defendants (docket no. 36) is DISMISSED AS MOOT.

---

[4] Additionally, Plaintiff, proceeding *pro se*, requests that the entities he purports to represent be removed as plaintiffs. *See* Docket No. 42. Since Plaintiff has not explained his capacity to represent these entities, and since entities must be represented by counsel, Plaintiff's request is GRANTED. *See In re K. M. A., Inc*., 652 F.2d at 399.

It is so ORDERED.

SIGNED this 19th day of June, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE