IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MAURO T. PADILLA, III, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-13-CV-1153-XR |
| | § | |
| FIRST NATIONAL BANK OF | § | |
| EDINBURG, *et al.,* | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

On this date, the Court considered the status of the above-captioned case. For the following reasons, the Court DISMISSES the case for lack of subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In two previous Orders, the Court noted that Plaintiff, as the party asserting federal jurisdiction, had not established this Court's jurisdiction. *See* Docket Nos. 38, 44; *Kokkonen*, 511 U.S. at 377 (placing the burden of establishing federal jurisdiction on the party asserting jurisdiction). Since Plaintiff had not met his burden of establishing jurisdiction, the Court directed him to submit a proposed amended complaint clearly stating his allegations against the two remaining Defendants, the Federal Deposit Insurance Corporation ("FDIC") and the First National Bank of Edinburg ("FNB"); the causes of action he wishes to pursue; and the grounds for this Court's jurisdiction. Docket No. 44, at 5. Additionally, the Court ordered Plaintiff to provide sufficient written evidence establishing FNB's citizenship, to the

extent Plaintiff wishes to pursue claims against FNB based on diversity jurisdiction. The Court warned Plaintiff that his failure to amend and otherwise establish jurisdiction would result in this case being dismissed. *Id.*

On July 18, 2014, Plaintiff responded by filing his first amended complaint. Docket No. 46. Plaintiff's amended complaint does not list the causes of action he wishes to pursue. Instead, it lists allegations regarding wrongful foreclosure sales allegedly initiated by FNB. Additionally (or alternatively), Plaintiff asserts that he is entitled to funds from the foreclosure sales in excess of the mortgage debts paid off by the sales.

Since Plaintiff has only stated allegations and not causes of action, he has not complied with this Court's Order. *See* Docket No. 44, at 5. However, assuming Plaintiff has stated a claim, he has not established this Court's diversity jurisdiction. In its previous Order, the Court instructed Plaintiff to establish the citizenship of FNB by providing relevant jurisdictional evidence. Docket No. 44, at 5. The Court noted that if FNB is a national bank, its citizenship is determined by the location of its main office, as set forth in its articles of association. *Id.* at 2; *see* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). If FNB is chartered as a corporate body of a particular state, it is deemed a citizen of the state of incorporation and of the state where it has its principal place of business. *See* Docket No. 44, at 2–3; 28 U.S.C. § 1332(c)(1); *Wachovia*, 546 U.S. at 307. Since Plaintiff has not provided relevant evidence on what type of entity FNB is, or evidence on either the location of its main office or its state of incorporation and principal place of business, he has not established FNB's citizenship. Accordingly, Plaintiff has not shown that he can proceed pursuant to diversity jurisdiction. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005)

(requiring for diversity jurisdiction complete diversity of citizenship between all named plaintiffs and all named defendants); *Kokkonen*, 511 U.S. at 377.[1]

Next, Plaintiff asserts federal question jurisdiction pursuant to 12 U.S.C. § 1821(d)(6). Section 1821 provides a procedure for claimants to pursue claims against a failed bank placed in FDIC receivership. 12 U.S.C. § 1821; *see Freeman v. F.D.I.C.*, 56 F.3d 1394, 1399–1400 (D.C. Cir. 1995). Here, the statute is implicated because Plaintiff alleges that FNB had been placed in FDIC receivership and then sold to Plains Capital Bank ("PCB").

12 U.S.C. § 1821(d)(6) provides that a claimant who has filed a claim with the FDIC may request administrative review of the claim or file suit on the claim "in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim)." 12 U.S.C. § 1821(d)(6)(A). The section further requires that a claim be brought within 60 days after the administrative claim is disallowed, or within 60 days after the expiration of the 180–day period allowed for processing the administrative claim, whichever comes first. 12 U.S.C. § 1821(d)(6); *see Freeman*, 56 F.3d at 1400. Both requirements are jurisdictional. *Freeman*, 56 F.3d at 1400; *see* 12 U.S.C. § 1821(d)(13)(D); *Buckholz v. F.D.I.C.*, 129 F.3d 868, 871 (6th Cir. 1997) ("[I]t is true that a federal court lacks jurisdiction or power to act until one of the two events cited above occur.").

Here, Plaintiff has not established this Court's jurisdiction under 12 U.S.C. § 1821(d)(6). Plaintiff has not established that he has exhausted his administrative remedies,

---

[1] Plaintiff also list Plains Capital Bank ("PCB") as a defendant for the first time in his amended complaint. *See* Docket No. 46. Plaintiff, likewise, has not established PCB's citizenship because he has not provided relevant evidence on what type of entity PCB is, or evidence on either the location of its main office or its state of incorporation and principal place of business.

and he has not established that this Court lies within FNB's principal place of business. *See* 12 U.S.C. § 1821(d)(6); *Freeman*, 56 F.3d at 1400; *Buckholz*, 129 F.3d at 871. Accordingly, Plaintiff has not established federal question jurisdiction. *See Kokkonen*, 511 U.S. at 377.

This Court has twice warned Plaintiff that failure to establish jurisdiction would result in dismissal of this case. *See* Docket No. 38, at 3; Docket No. 44, at 5. For the foregoing reasons, this Court finds that Plaintiff has not established subject-matter jurisdiction through diversity jurisdiction, federal question jurisdiction, or otherwise. Therefore, the Court DISMISSES Plaintiff's complaint without prejudice. The Clerk of Court is instructed to close this matter.

It is so ORDERED.

SIGNED this 12th day of August, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE